Kelvin X. SINGLETON, Petitioner—Appellant,

v.

Jeanne S. WOODFORD, Warden, Respondent—Appellee.

No. 06–55066.

United States Court of Appeals, Ninth Circuit.

by 9th Cir. R. 36–3.

Submitted June 7, 2007 *.

Filed July 11, 2007.

Jerald L. Brainin, Esq., Los Angeles, CA, Petitioner–Appellant.

Kelvin X. Singleton, Lancaster, CA, pro se.

Atty. Gen., Lise S. Jacobsen, DAG, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: FRIEDMAN,** KOZINSKI and GOULD, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

## MEMORANDUM ***

The appellant seeks federal habeas corpus under 28 U.S.C. § 2254 to challenge his California state conviction of robbery.

■ There was no *Strickland* violation, *see Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), on the asserted ground that the appellant's trial counsel did not request a third-party culpability instruction, or that counsel failed to object to the instruction that the jury could not find Day guilty of the ARCO robbery, because the instructions did not prevent the jury from considering "constitutionally relevant evidence." *See Boyde v. California,* 494 U.S. 370, 380, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990). Any failure by defense counsel to object to the hearsay statement by the detective and the appellant's former girlfriend was harmless because of other overwhelming evidence of guilt, and may have reflected sound trial strategy. Counsel's failure to pursue a "poor eyesight" defense was similarly harmless. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

■ The appellant has waived and failed to exhaust any argument that the trial court erred under *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), both by not raising this claim to the California Supreme Court and by not raising it to the district court in his habeas petition. The appellant's remaining claims lack merit.

The district court, therefore, correctly dismissed the habeas corpus petition.

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.